## Jamestown Paint and Varnish Company
## v. Stewart

*George H. Rowley,* for plaintiff.
*Cyril I. Garvey,* for defendants.

STRANAHAN, P. J., July 1, 1970.—A suit in trespass has been brought by plaintiff to recover damages resulting from a building of plaintiff's being struck by a vehicle operated by defendant, Harvey A. Stewart. The vehicle was owned by Robert L. Greer, who has been named as a defendant, and it is further alleged that at the time of the accident Harvey A. Stewart was the servant of both Robert L. Greer and Dairymen's Cooperative Sales Association, all of whom have been named as defendants in this case.

The complaint alleges that damages in the amount of $8,875 were done to the building and $6,611.96 was done to certain personal property, together with $336.96, which is alleged as the cost of cleaning up the debris.

Dairymen's Cooperative Sales Association filed an answer and new matter, in which it was denied that Harvey A. Stewart was the servant of Dairymen's Cooperative Sales Association, and it was further alleged under new matter that Robert L. Greer, the owner of the truck, was an independent contractor.

Defendant, Dairymen's Cooperative Sales Association, filed an affidavit by Homer H. Martz, the manager of Dairymen's Cooperative Sales Association, in which he alleged that Robert L. Greer was an independent contractor and was not subject to orders by Dairymen's Cooperative Sales Association concerning the management of his truck.

Having filed the affidavit, the Dairymen's Coopera-

tive Sales Association then made a motion for a summary judgment pursuant to Pa. R. C. P. Rule 1035, and that matter is presently before the court.

There are a series of lower court cases which would support the contention that a summary judgment should not be entered under these circumstances.

In Dent Manufacturing, Inc. v. Pennsylvania Manufacturers' Insurance Company, 32 Lehigh 483 (1967), the court ruled that a summary judgment may not be entered on the basis of depositions where the credibility of witnesses is involved, even though such depositions are uncontradicted, because of the Pennsylvania rule that credibility of witnesses is a question for the jury to determine, and it is also the possibility that the testimony may be contradicted at the trial.

In Hall v. Collier, 31 Fayette 46 (1968), the court held that a summary judgment will not be entered where there are disputed factual issues as to the relationship of defendant and the additional defendant and of persons operating the vehicle involved, and the effect of exculpatory clauses.

From these cases and others it would appear that a summary judgment should not be entered when a party files an affidavit of one of its own officers or employes and then endeavors to use that affidavit as a means of obtaining a summary judgment. This situation differs from the situation where the party takes a deposition of an adverse party and then uses that deposition as the basis for a motion for a summary judgment, because the question of credibility is not involved under those circumstances if the deposition of the adverse party is favorable to the moving party.

The purpose of a motion for a summary judgment under Rule 1035 is that there is no genuine issue as to a material fact, and that the moving party is en-

titled to a judgment as a matter of law. Since this is the purpose for the motion, it follows that a party should not be allowed to file his own affidavit and then claim that there is no genuine issue as to a material fact, and that he is entitled to a judgment as a matter of law.

We must, therefore, refuse the motion for a summary judgment.

Plaintiff has made a motion for sanctions under the authority of Pa. R. C. P. 4019. The basis of this motion is that written interrogatories were directed to defendants pursuant to Pa. R. C. P. 4005, and that one of these interrogatories, being no. 7, inquired as to whether defendants carried liability insurance covering the operation of the truck, and, if so, it was requested that the name and address of each company, together with the limits of liability, be revealed.

In response to this interrogatory, Dairymen's Cooperative Sales Association filed an answer stating that the question was improper and refused to answer it. This court has ruled in a series of cases starting with Groce v. Hile, 46 D. & C. 2d 89; Berek v. Smock, 46 D. & C. 2d 221; and McDonald v. Gross, 47 D. & C. 2d 68, that the information which plaintiffs seek is proper and must be revealed by the defendant.

The Dairymen's Cooperative Sales Association is wrong in refusing to respond to this interrogatory. This court does not relish the thought of issuing sanctions against anyone unless it is absolutely necessary, and we assume that the present opinion will be sufficient to clarify in defendants' minds the necessity of complying with plaintiff's interrogatory no. 7.

We rule that the defendant, Dairymen's Cooperative Sales Association, must answer interrogatory no. 7, and this court will give it 30 days in which to make such an answer. A failure to comply will be consid-

ered by this court as the basis of a contempt proceeding, which we hope will be unnecessary.

## ORDER

And now, July 1, 1970, this court denies the Dairymen's Cooperative Sales Association motion for a summary judgment, and it is further ordered that the Dairymen's Cooperative Sales Association shall make answer to Interrogatory No. 7 submitted by plaintiffs within 30 days of the date of this order or this court shall take appropriate proceedings under Pa. R. C. P. 4019.